PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Jordan Benjamin** Case Number: **CR-1-02-115**

Name of Sentencing Judicial Officer: **The Honorable S. Arthur Spiegel, United States Senior District Judge**

Date of Original Sentence: **April 15, 2003**

Original Offense: **Possession of a Firearm By A Convicted Felon**

Original Sentence: **51 month(s) prison, 36 month(s) supervised release**

Type of Supervision: **Term Of Supv Rel** Date Supervision Commenced: **November 16, 2006**

Assistant U.S. Attorney: **Timothy D. Oakley, Esq.** Defense Attorney: **W. Kelly Johnson, Esq.**

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue an Order to Appear and Show Cause
[ ] To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | The offender violated Standard Condition # 7, which states, the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician.<br><br>On the following dates, the offender submitted positive urinalysis for cocaine:<br><br>December 14, 2006<br>December 28, 2006<br>December 29, 2006<br><br>* On January 5, 2007, the urinalysis submitted was rendered invalid, due to the following reason: Dilute-specimen not consistent with normal human urine. |
| #2 | The offender violated the Statutory Condition which states, the offender shall not commit another federal, state, or local crime. Additionally, he violated Standard Condition # 11, which states, the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.<br><br>On February 21, 2007, the offender was charged with Unauthorized Use of a Motor Vehicle, in violation of Section 2913.03. An affidavit filed indicated the offender was sent to Home Depot to have a car key made, and he never returned with the victim's car. The case is docketed in the Hamilton County Municipal Court, Criminal Case No.: 07/CRB/6098. On February 23, 2007, a capias was issued in the case. |

#3 Additionally, on February 22, 2007, the offender was arrested and charged with having a cracked windshield. He was also found to be in possession of drug paraphernalia. Specifically, the complaint filed indicated the offender possessed a digital scale containing a white powdery substance. This complaint was based on the visual observation of the officer after receiving a stolen vehicle hit. Theses Court matters are pending.

U.S. Probation Officer Recommendation: The offender's term of supervised release commenced on November 16, 2006. His release plan to his father's residence was denied due to his history of rule infractions within the institution. Alternative placement at a residential re-entry center was recommended to provide structure and to allow the offender time to reintegrate into the community gradually. Although this was the recommendation, the Bureau of Prisons released the offender to a shelter that indicated he could reside there if a bed was open at the time of his release. Upon his release, no bed was available, so the offender went to his father's residence. He was told he could remain there, provided he complied with his conditions of release and that there were no problems with illegal substances.

Within a month of his release, the offender has had several positive urines. He is unemployed and has not adequately proven that he is seeking employment. He has been given employment leads to temporary services as well as apprenticeship training program information, but has not demonstrated any follow through with the information he has been provided. Additionally, he has now incurred new criminal charges.

Based on his noncompliance within a very short time of his release, it is evident that he is not completely willing to comply with the conditions of his release. This offender is in need of intense structure that can only be provided through a residential re-entry center program. It is therefore requested that his supervision be revoked, with a view toward placing him into such a residential re-entry setting upon his release from incarceration.

The term of supervision should be

[X] Revoked.
[] Extended for years, for a total term of years.
[] Continued based upon the exception to revocation under 18 U.S.C., 3563(e) or 3583(d)
[] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **March 7, 2007**

by

**Michelle Merrett**
U.S. Probation Officer

Approved,

**John Cole**
Supervising U.S. Probation Officer
Date: **March 7, 2007**

---

THE COURT ORDERS:

[ ] No Action
[✓] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
[ ] The Issuance of an Order to Appear and Show Cause
[ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
[ ] Other

Signature of Judicial Officer

3/13/07
Date